UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TERRY A. DUNN,

    Plaintiff,

v.                                                        Case No.  5:11-cv-565-Oc-TBS

MICHAEL J. ASTRUE, Commissioner of
Social Security,

    Defendant.
_____/

## ORDER

Pending before the Court is Defendant's Unopposed Motion for Entry of Judgment with Remand. (Doc. 20).  Defendant requests the Court to remand this case to the Commissioner so that the Commissioner can take further administrative action in the case.  Defendant represents that Plaintiff has no objection to the remand.

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. Shalala v. Schaefer, 113 S. Ct. 2625 (1993). The failure of the ALJ to develop the record constitutes sufficient grounds for remand. Brissette v. Heckler, 730 F.2d 548 (8th Cir. 1984), appeal after remand 613 F. Supp. 722 (E.D. Mo. 1985), judgment aff'd in part, rev'd in part, 784 F.2d 864 (8th Cir. 1986).   Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision. Falcon v. Heckler, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the

claimant's depression did not significantly affect her ability to work and treating psychologist acknowledged that claimant had improved in response to treatment and could work in a supportive, noncompetitive, tailor-made work environment).  On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.  Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); Reeves v. Heckler, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Following a careful review of the record and filings, the Court agrees with the parties that it is appropriate to remand this matter to the Commissioner.  Accordingly, it is:

ORDERED AND ADJUDGED that:

(1)  Defendant's Unopposed Motion for Entry of Judgment with Remand (Doc. 20) is  GRANTED.

(2) This action is hereby REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g)[1] to the Commissioner for the following reason:

> The Commissioner believes that remand would be appropriate in this case to have an Administrative Law Judge address the opinions of Dr. Qamar, to further evaluate the claimant's diagnosed fibromyalgia, and to evaluate claimant's mental impairments in accordance with the regulations.

---

[1] Remand pursuant to sentence four of § 405(g) makes the Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, and terminates this Court's jurisdiction over this matter.  Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993).

(3) The Clerk is DIRECTED to enter judgment accordingly, terminate any pending motions, and close the file.

(4) The deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.  Upon receipt of the notice, counsel for Plaintiff shall promptly email Mr. Rudy and the OGC attorney assigned to the case to advise that the notice has been received.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on June 8, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel